# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD KUNA and MARY LEE KUNA, his wife, | |
| Plaintiffs, | CIVIL ACTION NO. 3:13-CV-2435 |
| v. | (JUDGE CAPUTO) |
| JOSEPH TAYLOR, NEW PRIME, INC., | |
| Defendants. | |

## **MEMORANDUM**

Plaintiffs seek all trip and/or operational documents including driver's daily logs from December 15, 2012 through January 15, 2013, and copies of any created electronic or satellite vehicular movement of the tractor and/or trailer involved in the accident for the period December 15, 2012 to January 15, 2013.  The Defendants object on the grounds of relevance.

On January 15, 2013, at approximately 10:38 p.m., Joseph Taylor was driving a tractor trailer for New Prime, Inc. in the course of his employment.  He was traveling North on Route 315 in Pittston Township, Pennsylvania.  He was in the right lane and when changing to the left lane, failed to see a car driven by Plaintiff, Ronald Kuna, and struck the right rear of Plaintiff's vehicle with the left front of the tractor.  Plaintiff Kuna was injured in the accident.

The Defendants argue that they have provided Mr. Taylor's logs dating back to his last thirty-four hour restart along with the DQ and personnel files, that they show no hours of service violations, and therefore, further records which would relate to Mr. Taylor's state

of fatigue are not relevant to the claims.

The Plaintiffs argue that since drivers typically falsify logs, they should be permitted to see more so as to verify or test the veracity of those they have.

As to the other documents, the Plaintiffs argue that they have a claim against Mr. Taylor and New Prime, Inc. independently, and that since they allege the independent claims and a claim for punitive damages against New Prime, they are entitled to those documents because they may well provide the evidence to support New Prime's negligence as well as the claim for punitive damages.  There are no indications from the factual allegations in the Complaint that anyone acted in an outrageous manner, or that Mr. Taylor was fatigued, or that New Prime knew he was fatigued or that New Prime knew Mr. Taylor falsified his logs.  These are matters of speculation, and simply because a Plaintiff alleges that someone is negligent or acted outrageously, without more, does not provide support for an open ended search to determine if there is evidence to support the conclusory allegations.

Plaintiffs cite *Burke v. Transam Trucking, Inc.*, 605 F.Supp.2d 647 (M.D.Pa. 2009) in support of their position, but in *Burke*, there was some evidence to support punitive damages.  The case is not authority for the proposition that if you allege entitlement to punitive damages without any factual allegations to support it, you are entitled to open ended discovery to see if there is evidence to support the claim for punitive damages.

Plaintiffs raise an issue regarding the driver logs already provided.  The logs from the day before the accident were edited.  Moreover, it was a day when Mr. Taylor was involved in another accident. Further, the logs show that Mr. Taylor was in his sleeper before the police were dispatched to the scene.  Plaintiffs say that this provides a basis to believe the logs were falsified and also that New Prime knew that Mr. Taylor falsified his logs or did

not know how to complete them.  The Defendants attempt to explain these "mistakes" in their brief.  It appears to me that Plaintiffs should have a more complete sampling of Mr. Taylor's logs to gain some comfort with the legitimacy of the logs.  Therefore, I will order the production of logs for a period of ten (10) days prior to the accident.

      Therefore, the Plaintiffs are entitled to ten (10) days of logs preceding the day of the accident.  As to the remaining requests for documents, the Defendants' objections will be sustained.

      An appropriate Order follows.


Date: February 26, 2014        /s/ A. Richard Caputo
                                      A. RICHARD CAPUTO
                                      UNITED STATES DISTRICT JUDGE